IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA A. EDEN,

       Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

       Defendant.

Civ. No. 6:17-cv-00576-MC

OPINION AND ORDER

MCSHANE, Judge:

       Plaintiff Jessica Eden brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is not based on substantial evidence, this Court orders the Commissioner's decision reversed. Because the record has been fully developed and the record, taken as a whole, leaves no doubt that the claimant would be disabled if the relevant evidence were found credible, the case is remanded for immediate award for benefits.

## BACKGROUND

**I. Procedural history**

       Ms. Eden filed for Disability Insurance Benefits and Supplemental Security Income, alleging disability as of November 11, 2012. Tr. 164-166; 167-172. Denied initially and on

reconsideration, Ms. Eden requested a hearing. Tr. 112-126. After a hearing on October 22, 2015, the ALJ issue a decision on November 6, 2015 denying the claim. Tr. 17-35. Appeals Council denied review making the ALJ's decision the final decision of the agency. Tr. 2-7.

## II. ALJ's decision

At step one, the ALJ found that Ms. Eden has not engaged in substantial gainful activity since November 11, 2012. Tr. 22. At step two, the ALJ found the claimant has the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, L5-S1 lumbar spondylosis, and foraminal stenosis; lumbar post-laminectomy syndrome; dyspnea, NOS with bronchitis; and obesity. Tr. 22.

At step three, the ALJ found that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. part 404, subpart P, app. 1. Tr. 24.

At step four, the ALJ found Ms. Eden to have the residual functional capacity to perform sedentary work, lifting ten pounds occasionally and less than ten pounds frequently. Tr. 24. She can, in an eight-hour day, sit for six hours, stand for two hours, walk for two hours, but needs the option to stand for 10 minutes each hour while remaining on task. Tr. 24. She can perform simple, routine tasks, which require only simple work-related decisions. Tr. 25. At step five, the ALJ concluded that Ms. Eden is unable to perform any past work, but retains the ability to work as a clerical checker, an officer helper, or an inspector (photofinishing). Tr. 28-29.

## III. Current posture of the issues

Ms. Eden contends that the ALJ's decision is not based on substantial evidence as required by 42 U.S.C. § 405(g). Specifically, Ms. Eden assigns err to: (1) the ALJ's failure to give clear and convincing reasons for rejecting Plaintiff's testimony, (2) the ALJ's consideration

of claimant's treating neurosurgeon and treating physician's assistant, and (3) the ALJ's failure to meet the burden to prove that Plaintiff retains the ability to perform "other work" in the national economy. Pl.'s Br. 1-2, ECF No. 19.

The Commissioner, in Defendant's brief, concedes that the ALJ's decision is not supported by substantial evidence and further concedes the ALJ erred in (1) evaluating the opinion of Mark Wells, P.A.-C; (2) in not weighing the opinions of treating physician Carmina Angeles, M.D.; and (3) in discounting Plaintiff's subjective testimony. Def's Br. 1-2, ECF No. 23; *see* Pl.'s Br. at 9-16. The Commissioner requests that this Court remand for further proceedings, and not for an award of benefits. Def.'s Br. 1-2. Defendant argues the record does not unambiguously establish that Plaintiff is disabled, and that the ALJ should be afforded the opportunity to resolve outstanding evidentiary conflicts and to further develop the record. *Id.*

When the ALJ's final decision is not supported by substantial evidence, the reviewing court has the discretion to reverse and remand either for further proceedings or for an award of disability benefits. 42 U.S.C. § 405(g); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). This discretion is constrained in that the Social Security Act authorizes payment of benefits only for individuals "under a disability." 42 U.S.C. § 423a(1)(E).

In *Treichler v. Comm'r of Soc. Sec.*, the Ninth Circuit held it may be permissible for a court to make a disability finding, even when the agency did not if:

(1) the ALJ failed to provide legally sufficient reasons for rejecting evidence;

(2) the record has been fully developed, there are no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful; and

(3) "the record, taken as a whole, leaves not the slightest uncertainty" that the claimant would be disabled if the relevant evidence were found credible.

775 F.3d 1090, 1100-01 (9th Cir. 2014) (internal quotation marks omitted).

3 – OPINION AND ORDER

# DISCUSSION

## I. Outstanding evidentiary issues

To determine whether to remand for further proceedings, the reviewing court must first "assess whether there are outstanding issues requiring resolution." *Treichler*, 775 F.3d at 1101. If there is no conflicting evidence and if all essential factual issues have been resolved, then the reviewing court will consider whether to credit the evidence as true. *Id*. at 1105.

The Commissioner argues the Court should remand for a new hearing, because there are outstanding evidentiary issues in this record. Def.'s Br. 4, ECF No. 23. The Commissioner concedes that the ALJ failed to mention or to address the opinion of the claimant's treating physician, Dr. Angeles, but argues two points as to why the Court should remand and allow the ALJ to weigh Dr. Angeles' opinion. Def.'s Br. 4. Defendant first argues that Dr. Angeles' opinion that Plaintiff is unable to work (Tr. 660) is ambiguous as to whether Dr. Angeles meant Plaintiff is unable to work at all or is simply unable to return to her previous job. Defendant argues second that the non-examining physicians, Linda Jensen, M.D., and Lloyd Wiggins, M.D., who reviewed Dr. Angeles' surgical treatment notes, opined that Plaintiff could perform sedentary work, and therefore there are factual discrepancies that the ALJ must resolve. Tr. 76-77, 95-96; *see Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) (upholding remand for further proceedings when record contained outstanding medical record issues). In addition, the Commissioner argues that the opinions of Drs. Jensen and Wiggins conflict with Plaintiff's subjective symptom testimony. Def.'s Br. 5. The court addresses each point in turn.

### a. Dr. Angeles' opinion

In March of 2014, Dr. Angeles opined that Ms. Eden is unable to "sit/stand for very long" and is "unable to work." Tr. 660. Dr. Angeles wrote that Ms. Eden is "quite debilitated by her

pain and unable to walk on the left leg." *Id*. Dr. Angeles' statement regarding Ms. Eden's functional limitation, and inability to work, was made a year after Ms. Eden's last surgery of February, 2013. Tr. 382, 658.

Dr. Angeles' opinion is clear and it is consistent with the evidence. At the time of Dr. Angeles' opinion, Ms. Eden was reporting low back pain, right hip pain, and lower extremity radiation with numbness and tingling and weakness in the left leg. Tr. 658. She reported dragging the left, using a cane, and having difficulty sitting and standing for more than 30 minutes at a time. *Id*. She did not feel the prior surgery had been helpful. *Id*. She had stopped going to the gym because of pain. Tr. 659. Dr. Angeles noted slightly reduced motor strength in the hip flexion iliopsoas, knee quadriceps, ankle dorsiflexion, and great toe extension halluces longus. Tr. 660. Knee and ankle reflexes were absent and there was decreased sensation on the sole of the foot and the posterior leg. *Id*. Her pain was in the S1 distribution. *Id*. She diagnosed lumbar post laminectomy syndrome, lumbar spondylosis, and degeneration of the lumbar intervertebral disc. *Id*. Dr. Angeles wrote:

> "She's quite debilitated by her pain and unable to walk on the left leg. She is unable to sit/stand for very long. She is unable to work. I suspect that her pain is mostly related to scar tissue formation." *Id*.

A few months later in June, 2014, Dr. Angeles reviewed CT/MRI and EMG/MCV results taken in May. Tr. 616. She concluded that the L5-S1 appeared solidly fused and there was no significant adjacent level disease to warrant surgery. *Id*. Dr. Angeles again opined that Ms. Eden had failed to improve despite the fusion and was "clinically unable to work because of her pain." *Id*. At the time of Dr. Angeles' opinion, Ms. Eden had been unemployed for more than a year. It is clear that Dr. Angeles' opined that Ms. Eden cannot work at all.

    **b. "Factual discrepancies" between non-examining physicians and Dr. Angeles**

5 – OPINION AND ORDER

There are no "factual discrepancies" between the opinions of the non-examining agency physicians, and Dr. Angeles, the treating neurosurgeon. The non-examining physicians, Linda Jensen, M.D., and Lloyd Wiggins, M.D., reviewed Dr. Angeles' surgical treatment notes, and opined that Plaintiff could perform sedentary work. Tr. 76-77, 95-96. They did not, however, examine Ms. Eden, and therefore offered no independent clinical findings of her condition. The opinions of non-examining physicians do not, by themselves, constitute substantial evidence that justifies the rejection of the treating doctor. *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999).

**c. Conflicts with Plaintiff's subjective testimony**

The Commissioner argues that the opinions of the non-examining physicians conflict with Ms. Eden's subject symptom testimony. Def.'s Br. 5. The opinions of non-treating and non-examining doctors do not constitute objective medical findings, and cannot be said to contradict Plaintiff's testimony. "Objective medical evidence" is defined as "medical signs and laboratory findings as defined in § 404.1528 (b) and (c)." 20 C.F.R. § 404.1512(b). In contrast, opinions from medical sources constitute "other evidence." 20 C.F.R. § 404.1512(b)(1). Because the ALJ failed to give clear and convincing reasons for rejecting Ms. Eden's testimony, Ms. Eden's testimony is fully credited. There are no significant factual conflicts in this record.

## II. The record is fully developed

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler*, *supra*, 775 F.3d at 1100. Here, Ms. Eden met her burden of proof at steps one through four of the sequential analysis, and the record is fully developed. *See* Pl.'s Br. 2-8. The ALJ posed to the vocational

expert an erroneous hypothetical that failed to include functional limitations that would have been included had the improperly discredited subjective testimony and medical evidence were taken as true. *See, e.g., Garrison v. Colvin*, 759 F.3dd 995, 1022 (9th Cir. 2014).

## **CONCLUSION**

The Commissioner's decision is REVERSED. This matter is REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

DATED this 31st day of May, 2018.

                                                        /s/Michael J. McShane  
                                                        Michael J. McShane  
                                                       United States District Judge